IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BNSF RAILWAY COMPANY,** a corporation, | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) | Civil Action No. 3:15-cv-1029-M |
| **INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS,** | ) ) ) ) ) ) | |
| **Defendant.** | ) | |

**PLAINTIFF BNSF RAILWAY'S MOTION FOR A TEMPORARY
RESTRAINING ORDER**

Plaintiff BNSF Railway Company hereby moves this Court, pursuant to Rules 65(a) and (b) of the Federal Rules of Civil Procedure, for a temporary restraining order against illegal strikes, work stoppages, or other economic self-help by the defendant, the Transportation Division of the International Association of Sheet Metal, Air, Rail and Transportation Workers ("SMART-TD" or "the Union"), as well as its subordinate units, lodges, divisions, locals, officers, agents, employees, members, and all persons acting in concert with them.  A proposed order is attached.

The grounds for this motion are explained in detail in the accompanying Brief in Support of Its Motion for a Temporary Restraining Order.  In summary, those grounds are as follows:

1. The Union is challenging BNSF's longstanding practice of how it computes pay for time that certain railroad employees (brakemen and train conductors) spend on-call.  BNSF contends that it has a contractual right under a written, collective bargaining agreement, to

calculate these payments as it does. BNSF's position in this regard is supported by a past practice, dating back to at least nine years, of calculating these payments as it does. The Union disagrees that BNSF is contractually entitled to calculate these payments in the manner that it does and contends that BNSF is engaged in a "unilateral change" in pay.

2. Because BNSF has "arguable" contractual justifications for the challenged acts, this dispute implicates the interpretation or application of current express and implied collective bargaining agreements. Accordingly, this dispute is a "minor dispute" subject to compulsory and binding arbitration under Section 3 of the Railway Labor Act ("RLA"), 45 U.S.C. § 153. Strikes over minor disputes are unlawful and may be enjoined.

3. The Union has refused to provide a no-strike assurance. In an email on March 31, 2015, the Union's General Chairman, D.L. Young, stated that he believed BNSF's act was "a unilateral change in the agreement," which is code in the industry that it would justify a strike. On April 1, 2015, BNSF asked the Union, in light of Mr. Young's language, to provide assurance that the issue is minor and that the Union did not intend to strike over this issue. As of the filing of these pleadings, the Union had declined to provide such an assurance. In the railroad's experience, this means that the Union reserves the right to use self-help if BNSF continues to compute payments for on-call time as planned.

4. The threatened self-help will cause serious disruption to the BNSF rail network, resulting in substantial, immediate, and irreparable injury to the Plaintiff, employees, other rail carriers, and the public generally. Such disruptions are contrary to the public's interest in uninterrupted rail operations, a critical interest protected by the RLA. By contrast, Defendant will suffer no injury if enjoined. Defendant will remain able to obtain resolution of the underlying dispute through the RLA's mandatory and binding dispute resolution procedures.

5.    In any event, BNSF is not required to meet the traditional standard for preliminary injunctive relief or to demonstrate irreparable injury, because, rather than being extraordinary relief, courts have found that injunctive relief is the preferred remedy to enforce the mandatory dispute resolution procedures of the Railway Labor Act ("RLA"). *See, e.g., Consolidated Rail Corp. v. Ry. Labor Executives' Ass'n*, 491 U.S. 299, 303 (1989) ("*Conrail*") ("The district courts have subject-matter jurisdiction to enjoin a violation of the status quo pending completion of the required procedures, without the customary showing of irreparable injury.").

For the foregoing reasons, BNSF requests that the Court enter an order temporarily restraining and preliminarily enjoining a work stoppage or any other form of self-help by Defendant in violation of the RLA.

Date: April 2, 2015.

Respectfully submitted,

/s/ David M. Pryor

David M. Pryor
  Texas State Bar No. 00791470
Andrea Hyatt
  Texas State Bar No. 24007419

BNSF Railway Company
2500 Lou Menk Drive, AOB-3
Fort Worth, Texas  76131-2828
Telephone:  (817) 352-2286
Facsimile:  (817) 352-2399
E-mail:  david.pryor@bnsf.com

**Attorneys for Plaintiff BNSF Railway Co.**

## CERTIFICATE OF CONFERENCE

As required by Local Rule 7.1, on April 2, 2015, the undersigned attorney for BNSF communicated via email with Kevin Brodar, who is Associate General Counsel for Defendant SMART-TD. Agreement could not be reached because Mr. Brodar declined to affirm that the issue is minor.

_____
David M. Pryor

## CERTIFICATE OF SERVICE

I certify that on April 2, 2015, a true and correct copy of this document was served by facsimile and/or electronic mail on Kevin Brodar, Associate General Counsel, whom BNSF believes is lead counsel for the defendant, SMART-TD.

_____
David M. Pryor